**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| THOMAS LOUIS WILLIAMS, | § | |
|       PETITIONER, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0102-Y |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
|       RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Thomas Louis Williams, TDCJ-ID #581837, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Procedural History

Williams is currently serving a fifteen-year sentence for a 1991 conviction in state court for possession of cocaine.  (Resp't Answer, Exhibit A)  In September 1998, Williams was released on parole, which was subsequently revoked on August 27, 2002.  (*Id.*, Exhibits B & C)  Williams filed a state habeas application on December 21, 2004, complaining, as he does now, that TDCJ unlawfully extended his sentence 1788 days by denying him credit for time spent on parole–i.e., street time.  *Ex parte Williams*, Application No. WR-61,052-01.  On January 26, 2005, the Texas Court of Criminal Appeals dismissed the state application pursuant to § 501.0081 of the Texas Government Code.  Tex. Gov't Code Ann. § 501.0081 (Vernon 2004) (providing inmate must generally pursue time credit claim through prison's time credit dispute resolution process before seeking state collateral review).  Williams filed this federal petition on February 11, 2005.[1]

## D. Rule 5 Statement

Dretke contends that Williams has not sufficiently exhausted his state remedies, as required by 28 U.S.C. § 2254(b)(1), but that it is unnecessary to address the issue because Williams's petition is time barred under the federal statute of limitations.  28 U.S.C. §§ 2244(d).  (Resp't Answer at 3)

## E. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

---

[1]Typically, a prisoner's pro se habeas petition is deemed filed when it is handed over to prison authorities for mailing.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Williams is not given the benefit of the so-called prison mailbox rule, however, because he did not indicate on his petition the date he placed his petition in the prison mailing system.  (Petition at 9)

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> ©)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of parole revocation proceedings and the resultant loss or denial of various time credits, support exists that subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims.[2]  Presumably, Williams knew, or could have discovered through due

---

[2]*See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *Biggins v. Dretke*, No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits).

diligence, on the date his parole was revoked, or shortly thereafter, that he was not entitled to and would not be credited for time spent on parole. Thus, the federal statute of limitations began on Williams's time credit claims on August 27, 2002, the date his parole was revoked, and closed one year later on August 27, 2003, subject to any applicable tolling.

The filing of Williams's state habeas application does not entitle him to statutory tolling under § 2244(d)(2) because the state application was filed on December 21, 2004, after limitations had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[3] Further, Williams has not asserted a valid reason for his delay that would entitle him to equitable tolling. (Pet'r Reply1-2) Equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Williams attributes his delay to the fact that he is not informed and educated in the letter of the law and the fact that he was informed by the State Counsel for Offenders that he was ineligible for credit for the time he spent on parole. (Pet'r Reply at 1-2; Pet'r Memorandum in Support, Exhibit B) *See* TEX. GOV'T CODE ANN. § 508.283(c). However, the fact that a petitioner is proceeding pro se or is ignorant of the law does not excuse his failure to follow procedural rules. *See Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992). Similarly, an inmate's lack of legal training is not grounds for equitable tolling. *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Nor does a petitioner's failure to discover the significance of the

---

[3]It is noted that had Williams pursued his administrative remedy through the prison's time dispute resolution process within the limitations period, he may have been entitled to tolling during the pendency of the administrative proceedings. *See* TEX. GOV'T CODE ANN. § 501.0081; *Kimbrell*, 311 F.3d at 363-64; *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828-29 (N.D. Tex. 2002). Williams asserts that he has pursued his administrative remedy, however, there is no evidence in the record that he has, in fact, done so.

4

operative facts constitute cause for equitably tolling the limitation period. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998).

On September 30, 1998, Williams signed a parole certificate which notified him in bold-faced type that revocation of his parole would forfeit time served on parole. Thus, Williams knew or should have known on September 30, 1998, when he was released on parole that he would forfeit the time he served on parole if his parole was revoked. Williams contends that he signed the parole certificate under duress and without the advice of legal counsel. (Pet'r Memorandum in Support at 4) However, there is no constitutional right to assistance of counsel at the time of the signing of the parole contract. Further, TDCJ's standard parole certificate is not void ab initio as being unconscionable or voidable as being signed under duress. It is entirely within TDCJ's prerogative to require that an inmate accept conditions of parole release prior to actual release from incarceration. Williams has not shown he was opposed to signing the conditions of parole or that he was induced to agree to the conditions of parole contrary to his will. It appears Williams, after weighing his options, elected to agree to the conditions of release of his own free will and did not have a basis on which to complain until after violating such conditions, having his parole revoked, and being returned to prison. Williams has not presented any evidence whatsoever to support his allegation that he signed the document under duress.

Absent any applicable tolling, Williams's federal petition was due on or before August 27, 2003. Thus, his petition filed on February 11, 2005 is untimely.

## II. RECOMMENDATION

Williams's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 29, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 29, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED April __8__, 2005.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE